Dear Senator Mickle,
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked, in effect, the following questions:
1. What may a doctor, hospital or medical institution charge apatient for providing copies of the patient's medical records?
2. May a doctor, hospital or medical institution charge apatient postage and handling for providing medical records to thepatient?
¶ 1 The Oklahoma Legislature has mandated that in most cases a person is entitled to obtain information contained in the patient's medical records and may obtain copies of such records upon request and the payment of a copy fee:
 Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all the medical records of the person upon request, and shall be furnished copies of all records pertaining to that person's case upon request and upon the tender of the expense of such copy or copies. Cost of each copy shall not exceed twenty-five cents ($0.25) per page. The physician, hospital or other medical professionals and institutions may not charge a fee for searching, retrieving, reviewing and preparing medical records of the person in order to determine which medical records are to be copied. Provided that this entitlement to medical records shall not apply to psychological or psychiatric records.
76 O.S. Supp. 1997, § 19[76-19](A).
¶ 2 This section requires the provision of records to patients, except in the case of psychological or psychiatric records. The only fee for copying the doctor, hospital or medical institution is authorized to charge is a copy fee of no more than 25 cents per page. The doctor, hospital or medical institution may not charge for "searching, retrieving, reviewing and preparing" copies. Id. Thus, the answer to your first question is that a doctor, hospital or medical institution may charge a fee of no more than 25 cents per page for copying medical records of a patient. 76 O.S. Supp. 1997, § 19[76-19](A).
¶ 3 You asked in your second question whether a doctor, hospital or medical institution may charge for postage and handling to provide copies of medical records of a patient. Section 19 does not make a specific response to these issues. Thus, we must apply standard rules of statutory construction. The cardinal rule of statutory construction is to ascertain the expressed legislative intent of a statute. Nelson v. Pollay,916 P.2d 1369, 1373 (Okla. 1996). Words used in a statute are understood in their ordinary sense, except when a contrary intent is plainly expressed or when otherwise defined by statute. 25O.S. 1991, §§ 1[25-1] and 2.
¶ 4 Neither "postage" nor "handling" are terms defined by Section 19(A); therefore, the intent of Section 19(A) allows the use of the ordinary meaning of each. Postage is the fee charged by the U.S. Postal Service to deliver an item of mail from one location to another. Section 19(A) does not require a doctor, hospital or medical institution to provide copies of patient records via mail service, nor does it prohibit the payment of postage and handling for such. The evident intent of the limitation on fees charged for copies of records is to prevent the doctor, hospital or medical institution from charging excessive fees which might chill a patient's ability to obtain copies of such records. There is no evident intent to prevent a patient's doctor, hospital or medical institution from agreeing to provide medical records by mail nor to prevent the doctor, hospital or medical institution from requiring the patient pay any out-of-pocket expenses for providing such records by mail. To allow requiring the patient to pay postage and handling does not benefit the doctor, hospital or medical institution. Instead, it is a matter outside the scope of the statute which allows the patient to receive copies of records via a convenient means if so desired, and which reimburses the doctor, hospital or medical institution for such out-of-pocket expenses.
¶ 5 Your request asked whether there is a limit to postage fees. Section 19(A) does not express that a postage fee is limited. This section is construed to allow the payment of postage by the patient because it is a cost not specifically prohibited by the statute; nor is it set by the doctor, hospital or medical institution, it simply reimburses them. The only limitation is that the postage fees must be the actual cost of postage.
¶ 6 It is useful to note that a limit to handling is addressed in Section 19(A) when it expressly prohibits a doctor, hospital or medical institution from charging a fee for "searching, retrieving, reviewing or preparing medical records of the person in order to determine which medical records are to be copied."76 O.S. Supp. 1997, § 19[76-19](A). Further, the cost of each copy cannot exceed twenty-five cents per page. Id. The evident intent of Section 19(A) is to prohibit "handling" fees related to searches, retrieval, reviews and preparation of medical records to be provided to a patient. Thus, any handling fees of this nature are prohibited. It is only in the context of a handling fee different from those contemplated by Section 19(A) which we view as permissible, such as for a mailing box or envelope or staff time to deposit the records in the mail. A doctor, hospital or medical institution cannot charge a "handling" fee for "searching, retrieving, reviewing or preparing medical records of the person in order to determine which medical records are to be copied." Id. On the other hand, there is no evident intent to prohibit charging a handling fee to cover the costs of mailing. Whether or not a particular fee can be charged in response to a request for copies of medical records is a question of fact outside the scope of an Attorney General's Opinion. 74 O.S.Supp. 1997, § 18b[74-18b](A)(5).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A doctor, hospital or medical institution may not charge afee in excess of twenty-five cents ($0.25) per page for providingcopies of a patient's medical records. 76 O.S. Supp. 1997, §19(A).
2. A doctor, hospital or medical institution may charge apatient postage and handling to cover the actual costs of mailingmedical records to the patient. Id.
3. A doctor, hospital or medical provider may not charge ahandling fee for searching, retrieving, reviewing or preparingmedical records in order to determine what medical records are tobe copied. 76 O.S. Supp. 1997, § 19(A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL